IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| REBECCA LYNNE HARRIS, | : | 1:10-cv-1892 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| YORK COUNTY ADULT PROBATION | : | |
| DEPARTMENT, *et al.*, | : | |
| Defendant | : | |

# MEMORANDUM

## January 4, 2011

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 10), filed on December 16, 2010, which recommends that we dismiss this action pursuant to Fed. R. Civ. P. 41(b) for Plaintiff's failure to prosecute. No objections to the R&R have been filed.[1] For the reasons set forth below, the Court will adopt the R&R.

**I.  STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the

---

[1] Objections were due by January 3, 2011.

1

Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case amply confirms the Magistrate Judge's determinations.

## II. DISCUSSION

On September 9, 2010 Plaintiff Rebecca Lynne Harris, *pro se*, commenced this action by filing a complaint. Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* and a Motion for a Temporary Restraining Order and Permanent Injunction. (Docs. 2 and 3). Within the Motion, Plaintiff requested that she be reassigned to a probation officer other than Defendant Julie A. Crider. By Order dated September 10, 2010, we denied the Plaintiff's request for a TRO and granted the *in forma papueris* application. (Doc. 6). We also required Plaintiff to file an Amended Complaint within thirty days or the case would be dismissed.

Thereafter, on September 30, 2010, Plaintiff filed a Motion for Extension of Time to Amend the Complaint (Doc. 7), which was granted by Order dated October 4, 2010. (Doc. 8). That Order required Plaintiff to file an Amended Complaint by December 10, 2010 and warned Plaintiff that her failure to do so would result in a dismissal of the action.

On October 4, 2010, this case was referred to Magistrate Judge Carlson for pretrial management. On December 16, 2010, the learned Magistrate Judge issued the instant R&R recommending dismissal of the action pursuant to Fed. R. Civ. P. 41(b) inasmuch as Plaintiff failed to comply with our October 4, 2010 Order and never filed an Amended Complaint.

Rule 41(b) authorizes a court to dismiss a civil action for failure to prosecute. Dismissal pursuant to Rule 41(b) rests within the sound discretion of the Court. Magistrate Judge Carlson, utilizing the *Poulis*[2] factors to inform his decision, recommends that dismissal is appropriate here due to Plaintiff's failures to communicate with the Court and comply with this Court's Orders. We stridently agree with the Magistrate Judge's analysis and recommendation.

As we have already mentioned, neither Defendant nor the Plaintiff have filed objections to this R&R. Because we agree with the sound reasoning that led the

---

[2] *Poulis v. State Farm Fire and Cas. Co.*, 747 F. 2d 863, 868 (3d Cir. 1984).

Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*. An appropriate Order shall issue.